## Crane v. Crane

*Theodore R. Gardner*, for plaintiff.

SCHEIRER, J., December 14, 1965.—In this divorce action, the complaint, filed April 26, 1965, avers that "The full name of the Defendant is Henry A. Crane, an adult, residing in Salisbury Township, Lehigh County, Pennsylvania, his mailing address being 2955 Linden Court, Allentown, Pennsylvania".

The address of plaintiff was stated to be the same. On May 28, 1965, the Sheriff of Lehigh County took an affidavit that he was unable to find defendant in Lehigh County and, accordingly, made a finding of "non est inventus". On May 27, 1965, plaintiff's counsel filed a praecipe asking the prothonotary to direct service of the complaint by publication, which was done on June 4th, 11th and 18th. On June 24th, the sheriff took an affidavit that he caused publication to be made and inserted the following statement therein:

"Notice to the defendant of the pendency of the action by registered mail was not made because the complaint does not set forth a last known residence to which it could be mailed".

Pennsylvania Rule of Civil Procedure 1124 (b) provides, in part:

"If service is made by publication, the sheriff shall send the defendant a notice of the pendency of the action by registered mail to his last known residence set forth in the complaint".

It is not clear why the statement was made by the sheriff in view of the averment of defendant's address in the complaint, as was also the case in the recent divorce action of Vogel v. Vogel, January term 1965, no. 282.

"The requirement of the Rules of Civil Procedure that if service is made by publication, the sheriff shall send the defendant a notice of the pendency of the action by registered mail to his last-known residence set forth in the complaint, is a substantial requirement of service by publication, and failure of the sheriff to send the notice invalidates the service. To be valid, the notice of the pendency of the action should be sent to the last-known residence of the defendant as set forth in the complaint. . . .": 15 Standard Pa. Prac. §207. See Knight v. Knight, 70 D. & C. 229, and Clark v. Clark, 30 D. & C. 2d 640. Thus, the master's conclusion of law that "the parties are properly before the Court and the Court has jurisdiction" is not well founded.

In Holtham v. Holtham, 77 D. & C. 17, where an earlier Lehigh County sheriff made a similar statement that notice to defendant of the pendency of the action was not given because the complaint did not set forth a last known address when, in fact, it did, plaintiff was later confronted with a petition to vacate the decree. In the words of President Judge Shughart in Clark v. Clark, supra, "The sending of the notice is an integral part of service by publication and where it is omitted the service is invalid and no jurisdiction over the defendant is obtained". If a decree is entered in the face of such omission, surely it is a defect on the face of the record that would be justification for the vacation or striking of the decree.

At the hearing, plaintiff testified that defendant's last residence was at 2955 Linden Court, but that his residence at the time of hearing was not known. Thus, it may be argued that it would be futile to mail a notice to his last known address. As we said in Vogel, supra, ". . . there is always a possibility that a notice of change of address has been provided to the postal authorities and more importantly, the rule does not authorize the exercise of any discretion in the matter". Further, the failure to give notice by mail is not excused by the inability to effect service personally. ". . . The notice of the pendency of the action must be mailed to the last known address in every case, even though service could not be made at that address and it appears unlikely that the mail sent to that address will reach the defendant, for it is still possible that the mail may be forwarded to the defendant and be actually received by him": 3A Anderson Pa. Civ. Prac., §1124.22.

No notice having been sent to the last known address of defendant, the court has no jurisdiction over him, and a decree cannot now be entered. The appointment of the master will be vacated, and if personal service upon defendant cannot be effected under Pa. R. C. P. 1124(a), then service by publication may be made under 1124(b) with the appropriate notice sent to defendant's last known address. When jurisdiction over defendant has been acquired, counsel for plaintiff may apply for reappointment of the same master, who shall set a hearing date with proper notice given. If defendant appears, the hearing shall be de novo. If he does not appear, plaintiff and her witness may reaffirm their prior testimony by reference thereto. The master shall then make appropriate findings of fact and conclusions of law, especially as to adherence to procedural rules and to this opinion on the subject of service upon and jurisdiction over defendant. It might not be inappropriate, in such a case as this, for the master to afford

the court the benefit of his well-known learning and erudition under the heading of "Discussion", as contemplated under local rule 1133(e) III 7, which he regretfully omitted in the report before us.

Because of the importance of the matter discussed above, we make several pertinent observations. (1) While we do not know what prompted the sheriff or a member of his staff twice in a matter of months to completely disregard a quite obvious "last known address" of defendant in the complaint, we now suggest greater care in the future in this regard. (2) As a matter of good practice and proper concern to secure a valid decree in divorce for his client, it would be advisable for a plaintiff's attorney to "follow through" to determine if the sheriff has, in fact, mailed the required notice. True, the rule provides "the sheriff shall send the defendant a notice", but if he fails to do so for any reason, plaintiff suffers, as is apparent in this case. Thus, his attorney would do well to determine if the rule is being followed. (3) Again we call to the attention of the profession little noticed and generally disregarded local rule 1133(b) captioned "Preliminary Duties of a Master".

"(1) *Immediately after his appointment, the master shall ascertain the sufficiency and regularity of the proceeding and determine whether the Court has jurisdiction.* If the proceeding is in any way defective, he shall notify the attorneys and suspend further action for a period of ten (10) days. If the defects are not cured within the allotted time, the master shall so report to the Court.

"(2) If the master is satisfied that the proceeding is in proper form, he shall proceed to the hearing".

Attorneys, the prothonotary, the sheriff and, as well, the court, owe a clear duty to litigants to observe procedural rules and practices to guarantee valid decrees and judgments. It would be a disservice to the parties

in this case for the court to overlook an obvious defect in the record and grant a decree.

It seems to us that the matters discussed herein are of sufficient importance that this opinion should be published in the law journal.

And now, December 14, 1965, for the reasons given in the foregoing opinion, the appointment of the master is vacated, the service upon defendant by publication is set aside and further proceedings in this action shall be in accordance with this opinion.